UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
ALL STAR CARTS AND VEHICLES,
INC., H.B. MILLWORK, INC., and
ELECTRONICS COMPANY, INC., on
behalf of themselves and all others similarly
situated,

                                    MEMORANDUM AND ORDER

            Plaintiffs,                  CV 08-1816

  -against-                               (Wexler, J.)

BFI CANADA INCOME FUND, IESI
CORP., IESI NY CORP., WINTERS BROS.
RECYCLING CORP., WINTERS BROS
WASTE SYSTEMS, INC., WASTE
MANAGEMENT OF NEW YORK, LLC.
ALLIED WASTE INDUSTRIES, INC.,
ALLIED WASTE OF LONG ISLAND, INC.
and ISLAND WASTE SERVICES, LTD.

            Defendants.
-----------------------------------------------------------X
APPEARANCES:

        LEWIS JOHS AVALLONE AVILES, LLP
        BY: JAMES F. MURPHY, ESQ.
        Attorneys for Plaintiffs
        425 Broad Hollow Road, Suite 400
        Melville, New York 11747

        REESE RICHMAN LLP
        BY: MICHAEL R. REESE, ESQ.
            KIM E. RICHMAN, ESQ.
        Attorneys for Plaintiffs
        875 Avenue of the Americas, 18th Floor
        New York, New York 10001

GREENBERG TRAURIG, LLP
BY: JAMES I. SEROTA, ESQ.
    RONALD LEFTON, ESQ.
    DANIEL J. BUZZETTA, ESQ.
Attorneys for Defendants
200 Park Avenue
New York, New York 10166

WEXLER, District Judge:

This is an antitrust action wherein the only claim remaining for trial is that of attempted monopolization alleged pursuant to Section 2 of the Sherman Act. Presently before the court is Defendants' appeal of the decision of Magistrate Judge A. Kathleen Tomlinson, pursuant to Rule 72(a) of the Federal Rules of Civil Procedure, denying Defendants' motion to strike Paragraph 35 of Plaintiff's Amended Complaint.

## DISCUSSION

### I. Background and the Paragraph At Issue

The Plaintiff Class consists of consumers who purchased services in the relevant product and geographic markets. Defendants are alleged to have attempted to monopolize the relevant market by use of certain anti-competitive contracts that bind members of the Plaintiff Class. Paragraph 35 of the Amended Complaint ("Paragraph 35") alleges that Defendants have maintained a high market share "which is estimated currently to represent approximately 65% of the Relevant Market." During the course of discovery, Defendants moved to compel the production of information substantiating Plaintiffs' market share claim. Magistrate Judge Tomlinson granted the motion, and ordered that if Plaintiffs failed to comply with the order, Defendants could move, pursuant to Rule 37 of the Federal Rules of Civil Procedure, to strike Paragraph 35. Plaintiffs thereafter responded to Defendants' discovery requests. Finding those

responses insufficient, Defendants moved to strike Paragraph 35.

II.     The Ruling of the Magistrate Judge

In a decision dated April 6, 2011, Magistrate Judge Tomlinson reviewed Plaintiffs' discovery responses, and denied the motion to strike. The court noted that Defendants' real contention was not that Plaintiffs failed to comply with the discovery order, but that its responses failed to support the 65% market share contention. Since Plaintiffs properly produced information in response to Defendants' request, there was held to be no conduct that required the striking of Paragraph 35, and the motion was therefore denied. This objection followed.

## DISCUSSION

I.      Rule 72 Standards

Rule 72 of the Federal Rules of Civil Procedure ("Rule 72") provides for a deferential review of the determinations of a Magistrate Judge. Sergeants Benevolent Ass'n Health and Welfare Fund v. Sanofi-Aventis U.S. LLP, 2009 WL 1181808 *2 (E.D.N.Y. 2009). Where, as here, the court is called upon to review an order that is not dispositive of a claim or defense, Rule 72 requires only that the court modify or set aside any part of the order appealed from that is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a) ("Rule 72(a)"); see Carling v. Peters, 2011 WL 135015 *1 (S.D.N.Y. 2011). A "clearly erroneous" finding is one that leaves the court with the "definite and firm conviction that a mistake has been committed." Sergeants Benevolent, 2009 WL 1181808 * 2, quoting, United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." Id., quoting, Rafano v. Patchogue-Medford Sch. Dist., 2009 WL 789440, at *12 (E.D.N.Y. Mar. 20, 2009).

3

II. Disposition of the Motion

The court holds that the decision of the Magistrate Judge denying the motion to strike Paragraph 35 must be affirmed. The issue on the motion, as properly framed by the Magistrate Judge, was whether or not Plaintiff complied with that order. There was no allegation that Plaintiffs withheld any documents or that they had, in any way, engaged in conduct that disobeyed any discovery order.

Whether or not Plaintiffs' production will be sufficient to sustain its burden with respect to the specific allegation of market share is an entirely different question. Such a factual contention is properly considered in connection with a motion for summary judgment or, more likely, at trial. Plaintiffs complied with the discovery order at issue, and therefore the Rule 37 motion to strike was properly denied.

## CONCLUSION

For the foregoing reasons, the court concludes that the order appealed from denying the motion to strike Paragraph 35 of the Amended Complaint should be affirmed. Accordingly, Plaintiff's objections are hereby overruled, and the Order of Magistrate Judge Tomlinson (Docket entry 155) is affirmed.

SO ORDERED.

LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
       May , 2011