UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
ALL STAR CARTS AND VEHICLES,
INC., H.B. MILLWORK, INC., and
ELECTRONICS COMPANY, INC., on
behalf of themselves and all others similarly
situated,

                                                MEMORANDUM AND ORDER

                Plaintiffs,                   CV 08-1816

    -against-                             (Wexler, J.)

BFI CANADA INCOME FUND, IESI
CORP., IESI NY CORP., WINTERS BROS.
RECYCLING CORP., WINTERS BROS
WASTE SYSTEMS, INC., WASTE
MANAGEMENT OF NEW YORK, LLC.
ALLIED WASTE INDUSTRIES, INC.,
ALLIED WASTE OF LONG ISLAND, INC.
and ISLAND WASTE SERVICES, LTD.

                Defendants.
-----------------------------------------------------------X
APPEARANCES:

        LEWIS JOHS AVALLONE AVILES, LLP
        BY: JAMES F. MURPHY, ESQ.
        Attorneys for Plaintiffs
        425 Broad Hollow Road, Suite 400
        Melville, New York 11747

        REESE RICHMAN LLP
        BY: MICHAEL R. REESE, ESQ.
             KIM E. RICHMAN, ESQ.
        Attorneys for Plaintiffs
        875 Avenue of the Americas, 18th Floor
        New York, New York 10001

1

GREENBERG TRAURIG, LLP
BY: JAMES I. SEROTA, ESQ.
    RONALD LEFTON, ESQ.
    DANIEL J. BUZZETTA, ESQ.
Attorneys for Defendants
200 Park Avenue
New York, New York 10166

WEXLER, District Judge:

This is an antitrust action alleging a conspiracy to restrain trade, and an attempt to monopolize in violation of Sections 1 and 2 of the Sherman Act, 15 U.S.C. §§ 1, 2. As a result of a prior motion to dismiss, the only claim remaining for trial is a claim of attempted monopolization alleged pursuant to Section 2 of the Sherman Act.

Presently before the court is Defendants' appeal of the decision of Magistrate Judge A. Kathleen Tomlinson denying a motion to disqualify the firm of Lewis, Johs, Avallone, Aviles, LLP ("Lewis Johs"), from representing Plaintiffs.[1]

## DISCUSSION

I. Factual Background

The facts alleged in this matter are set forth in this court's prior decision. Familiarity with those facts is presumed, and the court repeats here only those necessary to the understanding of the present motion.

The Plaintiff Class consists of consumers who purchased services in the relevant product and geographic markets. The relevant product market, accepted by the court in its prior decision,

---

[1] Lewis Johs is one of two law firms that has been representing Plaintiffs in this matter. Discovery has proceeded with Lewis Johs being shielded from certain aspects of discovery that is being handled exclusively by Plaintiffs' co-counsel.

2

is the market for containerized waste disposal services.[2] The relevant geographic market is that of the Long Island, New York area. The relevant time period alleged begins as of May 5, 2004.

Defendants are alleged to have attempted to monopolize the relevant market by use of certain anti-competitive contracts that bind members of the Plaintiff Class. The specific allegedly anti-competitive provisions are contractual terms of three years or more, and in many cases seven to ten years, along with automatic renewal provisions. These renewal provisions extend the contracts for same period of time as the original term, and require customers to give notice of termination at least ninety days prior to the end of a term. Also identified as anti-competitive are liquidated damages provisions, and those that require customers to give notice to Defendants of any offer by another solid waste hauling company. These "right to compete" clauses require customers to give Defendants a reasonable opportunity to respond to the competitor's offer.

Defendants' use of these clauses, in the context of their large market share and market power in the relevant market, is alleged to have had anti-competitive and exclusionary effects. These effects are described as significantly increasing barriers to entry facing new entrants to the relevant market, and barriers to expansion faced by competitors. Defendants' market power is alleged to be maintained and enhanced by their use and enforcement of these contracts.

II. The Motion to Disqualify

As noted, Defendants moved before Magistrate Judge Tomlinson, for disqualification of Lew, Johs – one of the two law firms representing the Plaintiff Class. The fact forming the basis

---

[2] As described in this court's earlier opinion, "small containerized" waste services is a waste removal service that involves the lifting of small containers of waste for emptying into the storage section of a vehicle which then transports the waste to a disposal site.

of the motion is Lewis, Johs' ongoing representation of Jet Sanitation Service Corp. ("Jet"). Jet is not a party hereto, but is a third-party witness. Like Defendants, Jet is engaged in the business of small container waste removal services. Jet is therefore in direct competition with Defendants. Disqualification was sought on the ground that Lewis, Johs' ongoing representation of Jet creates a conflict of interest that compromises the ability of the firm to zealously represent Plaintiffs.

Magistrate Judge Tomlinson denied Defendants' initial motion to disqualify, but granted leave to renew upon completion of discovery from Jet. See All Star Carts and Vehicles, Inc. et al v. BFI Canada Income Fund, 2010 WL 2243351 *2 (E.D.N.Y. 2010 May 31, 2010) (opinion on initial motion to disqualify). The Magistrate Judge recognized that disqualification would be required only if the simultaneous representation of Plaintiffs and Jet would create a conflict such that the attorney's and the clients' interest diverged "with respect to a material factual or legal issue or to a course of action." Id. at *4.

As recognized by the Magistrate Judge, at the core of the disqualification motion are the factual questions of Jet's market share, and whether it engages in the same allegedly anti-competitive conduct that forms the basis of Plaintiffs' complaint. An important issue identified was whether Jet uses the same or similar contracts as Defendants, and therefore can be argued to have engaged in the same unlawful conduct. Such facts would help to support the claim that Lewis, Johs might face a conflict in trying to protect the interests of the Plaintiff Class.

Denying the initial motion to disqualify, Magistrate Judge Tomlinson recognized the potential for a conflict, but also noted the high burden of proof required to grant the motion. Ultimately it was decided that Defendants failed to sustain their burden of proof that disqualification was warranted. Importantly, Judge Tomlinson noted that the parties' affidavits

4

stated opposing positions with respect to Jet's alleged use of allegedly anti-competitive contracts. While Plaintiffs stated that Jet used simple one page contracts containing none of the clauses identified by Plaintiffs as anti-competitive, Defendants' affidavit indicated that Jet did, in fact use contracts containing the provisions at issue. This conflict in position prompted the Magistrate Judge to allow Defendants to proceed with discovery against Jet, and to thereafter renew their motion to disqualify. As set forth by Judge Tomlinson, the motion could be renewed if discovery revealed an actual conflict.

The parties thereafter engaged in discovery as to Jet. At the close of that third-party discovery, Defendants renewed their motion to disqualify. Like the initial disqualification motion, the renewed motion was denied. See All Star Carts and Vehicles, Inc. et al v. BFI Canada Income Fund, 08-1816 (March 30, 2011) (opinion on renewed motion to disqualify; Docket entry No. 153) ("All Star II"). In All Star II, Magistrate Judge Tomlinson noted Defendants' position that virtually all contracts used by Jet contained the same anti-competitive clauses attacked by Plaintiffs. It was noted that despite taking this position, Defendants failed to produce the actual contracts relied upon, but instead submitted only a chart purporting to summarize the contracts at issue. The court went on to hold that it was aware of the possibility that such contracts existed at the time of the initial disqualification motion, and even if the existence of such contracts was assumed, disqualification was nonetheless unwarranted. Importantly, Magistrate Judge Tomlinson identified no issue with respect to any outstanding discovery obligation might change the outcome of the motion.

III. The Present Appeal

Presently before the court is Defendants' motion, pursuant to Rule 72(a) of the Federal

Rules of Civil Procedure, objecting to Magistrate Judge Tomlinson's denial of the motion to disqualify.

## DISCUSSION

I. Rule 72 Standards

Rule 72 of the Federal Rules of Civil Procedure ("Rule 72") provides for a deferential review of the determinations of a Magistrate Judge. Sergeants Benevolent Ass'n Health and Welfare Fund v. Sanofi-Aventis U.S. LLP, 2009 WL 1181808 *2 (E.D.N.Y. 2009). Where, as here, the court is called upon to review an order that is not dispositive of a claim or defense, Rule 72 requires only that the court modify or set aside any part of the order appealed from that is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a) ("Rule 72(a)"); see Carling v. Peters, 2011 WL 135015 *1 (S.D.N.Y. 2011). A "clearly erroneous" finding is one that leaves the court with the "definite and firm conviction that a mistake has been committed." Sergeants Benevolent, 2009 WL 1181808 * 2, quoting, United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." Id., quoting, Rafano v. Patchogue-Medford Sch. Dist., 2009 WL 789440, at *12 (E.D.N.Y. Mar. 20, 2009).

II. Standard on Motion to Disqualify

The decision of whether to disqualify an attorney from representing a client is left to the sound discretion of the trial court. Board of Ed. of City of New York v. Nyquist, 590 F.2d 1241, 1246 (2d Cir. 1979). Disqualification may be required where an attorney's simultaneous representation of clients creates a conflict of interest. See N.Y. Rules of Prof. Conduct 1.7(a), 22 NYCRR 1200 (a lawyer "shall not represent a client if a reasonable lawyer would conclude that .

6

. . the representation will involve the lawyer in representing differing interests.") While disqualification is clearly appropriate in cases where a lawyer attempts to represent opposing parties in the same litigation, disqualification is not necessarily warranted where, as here, an attorney represents a party and a third party witness. Because disqualification motions: (1) are often interposed by an adversary to gain a "tactical" advantage, and (2) have the adverse impact of separating a client from the counsel of his choosing, courts are reluctant to grant such motions. Id.

III.    Disposition of the Motion

At the outset, the court notes that the legal standard for motions to disqualify, as set forth by Magistrate Judge Tomlinson, is the appropriate legal standard as set forth above. See All Star Carts and Vehicles, Inc. v. BFI Canada Income Fund, 2010 WL 2243351*2 (E.D.N.Y. 2010). The opinions of the Magistrate Judge properly set forth the standard and burden of proof with respect to such motions. The court turns therefore to consider only the application of that standard within the parameters of this court's review under Rule 72(a).

Upon careful review, the court holds that the decision of the Magistrate Judge denying disqualification must be upheld. This court has the benefit of reviewing the Jet contracts at issue, which have been submitted under seal. A review of those contracts reveals the veracity of Lewis Johs' position, taken before the Magistrate Judge and here, that while Jet (and indeed most in the industry) used contracts containing the objected-to clauses, such contracts were abandoned by Jet, and phased out over time. As early as 2004, the term of contracts was shortened. Later, the contracts were abandoned completely in favor of a short one page contract that did not contain the provisions. Additionally, there is no evidence of litigation in which Jet sought to enforce

7

allegedly objectionable provisions. This case for disqualification presents difficult issues, but ultimately, the court holds that there was no error in holding that Defendants failed to meet the high burden required to order disqualification and thereby interfere with Plaintiffs' choice of counsel.

While the court agrees that disqualification should not have been ordered, the court recognizes that here, as in may cases, there may be a category of confidential business information produced. Such information should remain confidential, and ought not be freely disclosed by counsel to any entity, including Jet. If such a confidentiality provision is not already in effect, counsel are directed, if they deem appropriate, to draft a mutually agreeable confidentiality stipulation to present to Magistrate Judge Tomlinson for review and to order. Such an order will protect the Defendants' proprietary business information, including any trade secrets or customer information, from being divulged to their competitors. With respect to enforcement of any such agreement, the court rejects Defendants' argument that Lewis Johs cannot be relied upon to be bound by such an order, as well as their characterization of the firm as knowingly making false and misleading statements to the Magistrate Judge. The court expects Lewis Johs to act in a professional manner and to be bound by any confidentiality agreement that is ordered by the court. Any such confidentiality agreement should be presented to the Magistrate Judge within two weeks of the date of this order. In the meantime, the broad confidentiality order already in place shall remain in effect, and discovery shall continue.

## CONCLUSION

For the foregoing reasons, the court concludes that the order appealed denying disqualification of Lewis, Johs should be affirmed. Accordingly, Plaintiff's objections are hereby

overruled, and the Order of Magistrate Judge Tomlinson (Docket entry 153) is affirmed. The parties are directed to confer with respect to entering into an appropriate confidentiality order and to continue with discovery with an eye toward its swift completion so that this case is soon trial ready.

    SO ORDERED.

                                  LEONARD D. WEXLER
                                  UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
       May 12, 2011