UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ALL STAR CARTS AND VEHICLES,
INC., H.B. MILLWORK, INC., and
ELECTRONICS COMPANY, INC., on
behalf of themselves and all others similarly
situated,

                         Plaintiffs,

    -against-

BFI CANADA INCOME FUND, IESI
CORP., IESI NY CORP., WINTERS BROS.
RECYCLING CORP., WINTERS BROS
WASTE SYSTEMS, INC., WASTE
MANAGEMENT OF NEW YORK, LLC.
ALLIED WASTE INDUSTRIES, INC.,
ALLIED WASTE OF LONG ISLAND, INC.
and ISLAND WASTE SERVICES, LTD.

                         Defendants.
------------------------------------------------------------X

MEMORANDUM AND ORDER

CV 08-1816

(Wexler, J.)

APPEARANCES:

    LEWIS JOHS AVALLONE AVILES, LLP
    BY: JAMES F. MURPHY, ESQ.
    Attorneys for Plaintiffs
    425 Broad Hollow Road, Suite 400
    Melville, New York 11747

    REESE RICHMAN LLP
    BY: MICHAEL R. REESE, ESQ.
        KIM E. RICHMAN, ESQ.
    Attorneys for Plaintiffs
    875 Avenue of the Americas, 18th Floor
    New York, New York 10001

1

GREENBERG TRAURIG, LLP
BY: JAMES I. SEROTA, ESQ.
   RONALD LEFTON, ESQ.
   DANIEL J. BUZZETTA, ESQ.
Attorneys for Defendants
200 Park Avenue
New York, New York 10166

WEXLER, District Judge:

This is an antitrust action stemming from Defendants' use of certain contracts in connection with the business of small containerized waste hauling services on Long Island. Plaintiffs, asserting claims on behalf of themselves and a similarly situated class, are proceeding to trial with a claim of attempted monopolization. All Star Carts and Vehicles, Inc. v. BFI Canada Income Fund, 596 F. Supp.2d 630, 642 (E.D.N.Y. 2009).

In a Memorandum and Order dated January 27, 2012, this court certified a class of both damage-seeking and injunctive-seeking individuals pursuant to Rules 23(b)(3) and 23(b)(2) of the Federal Rules of Civil Procedure. All Star Carts and Vehicles, Inc. v. BFI Canada Income Fund, 280 F.R.D. 78, 86 (E.D.N.Y. 2012). The class certification opinion noted that Plaintiff identified the class to include "all persons and entities that have contracted with, and purchased small containerized waste disposal services in the relevant market directly from defendants (the "Plaintiff Class")." The relevant time period was alleged to cover "May 5, 2004, through the present." Id. at 81.

Plaintiffs have submitted a letter motion requesting an order authorizing the sending of notice to the members of the certified class. The proposed notice identifies the class as including individuals who have had certain waste hauling contracts "at any time during the period May 5, 2004 to the present." Defendants do not oppose issuance of class notice. They do, however,

object to the proposed class definition to the extent that it employs the term "to the present." Instead, Defendants argue that the class period should be extended only until September 28, 2011.

Plaintiffs argue that both their class certification motion, and this court's opinion, defines the class to include members with contracts from the beginning of the class period "to the present." Defendants find support in their position from proceedings held in this matter on June 29, 2012, before Magistrate Judge Tomlinson. During those proceedings, Magistrate Judge Tomlinson addressed the issue of the meaning of the term "to the present," and rejected Plaintiffs' "expansive position." Instead, Magistrate Judge Tomlinson noted that the statement "to the present," generally "does not refer to any moment in time beyond when the statement was made." Transcript of Proceedings held on June 29, 2012 at 18, citing, Hnot v. Willis Group Holdings Ltd., 2006 WL 2381869 *2 n.4 (S.D.N.Y. 2006) (statement "to the present" "generally does not refer to any moment in time beyond when the statement was made"). Magistrate Judge Tomlinson went on to define "to the present," as used in this matter, as the date when class certification was requested – September 28, 2011.

The Court agrees with class period interpretation argued by Defendants and set forth by Magistrate Judge Tomlinson. In so holding, the court notes that Plaintiffs were free to request certification of a class that included reference to the future, but did not do so. See Hnot, 2006 WL 2381869 *2 n.4 (noting that class action plaintiffs could have requested certification of class including reference to the future). Accordingly, the court grants the motion requesting an order authorizing class notice, but holds that the notice should be amended to define the class period as including May 5, 2004 through September 28, 2011.

## CONCLUSION

For the foregoing reasons, the court grants Plaintiffs' motion to authorize service of class notice, to the extent set forth above. The Clerk of the Court is directed to terminate the motion appearing as docket entry number 289.

SO ORDERED.

                                                                          s/W/Wexler
                                                            LEONARD D. WEXLER
                                                            UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
       July 31, 2012

4